STATE OF NEBRASKA V. M. ELAM.

FILED MAY 13, 1912.   No. 17,400.

Food: PURE FOOD ACT: VIOLATION OF REGULATIONS. The statute provides that testing of cream for commercial purposes "shall be done in accordance with the rules and regulations therefor prescribed by said commission." Ann. St. 1911, sec. 9838. The commissioner made a rule that payment for cream purchased for

commercial purposes should not be made on the same day of the purchase. *Held*, That the defendant could not be punished criminally for a violation of this rule.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Exceptions overruled.*

*Grant G. Martin, Attorney General, Frank E. Edgerton* and *Amos E. Gantt*, for plaintiff in error.

*Frank Reavis, contra.*

SEDGWICK, J.

The defendant was informed against in the district court for Richardson county for an alleged violation of the pure food act. A general demurrer was filed to the information, which was sustained by the court, and the county attorney was permitted to file his exceptions in this court to obtain a construction of the statute under which the prosecution was brought.

The information alleges that the defendant held a permit from the pure food commissioner to test cream, and that on a certain day he purchased cream for commercial purposes and paid for the cream on the same day that he purchased it, "contrary to the provisions of regulation 59 of the rules and regulations of the food, drug and dairy laws, and contrary to the form of the statute," etc. The pure food commissioner has adopted regulations, among which is regulation No. 59, which recites that the test of cream requires great care and exactness, and that to make a test it requires at least 30 minutes, and agents cannot test deliveries of cream as they are received and give a test the necessary time and attention, and continues: "Pursuant to the above facts it is hereby ruled by the food, drug and dairy commissioner that samples of cream shall be grouped and tested at the close of each day's receipts or the following morning; the samples to be kept in closed jars while being held. In order to prevent any evasion of the above ruling it is further ruled that the

payment in whole or in part for cream shall be suspended until the following day, or the time of the next delivery. Payment for cream prior to the day following delivery, as a means of securing business or of taking advantage of another operator, is a violation of the rule and punishable under the law."

The gist of the offense which it was attempted to charge against the defendant is that he paid for the cream on the same day that he purchased it. The statute provides: "In testing milk or cream for commercial purposes under the provisions of this act the same shall be done in accordance with the rules and regulations therefor prescribed by said commission." Ann. St. 1911, sec. 9838. "The term 'to test milk or cream' as used in this act is hereby defined as the process or method by which the percentage of butter fat in said milk or cream is determined." Section 9832. The contention of the state appears to be that, since it requires 30 minutes or more to test cream properly, and it is not convenient for the party testing it to collect his samples and make his tests until "at the close of each day's receipts or the following morning," paying for the cream purchased is so far a part of the testing, or so necessarily connected with the testing, as to justify the regulation thereof by the food commissioner, and, since this regulation is therefore within the jurisdiction of the food commissioner, to make payments for the cream on the same day of purchase is a violation of the act and subjects the defendant to punishment under section 9840. "Any person violating any provision of this act shall upon conviction thereof be fined in a sum of not less than $50 nor more than $500 at the discretion of the court." Ann. St. 1911, sec. 9840.

No doubt the legislature may by statute "delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." *Field v. Clark*, 143 U. S. 649, 694. The legislature, however, cannot delegate its power to make laws. The time and manner of paying for the cream purchased can-

not, in the nature of things, have any connection with the testing of the cream. The fact, if it is a fact, that delay in payment for the cream would have a tendency to afford more time or convenience for testing it does not in any way affect the character or efficiency of the testing, or make the payment for the cream any part of the testing. The statute contains some directions in regard to the manner of making the test, and authorizes the food commissioner to make further rules for that purpose if the same should be found necessary, but this does not include the power to make rules to prevent unfair competition in business or "taking advantage of another operator." We think the district court was right in holding that a criminal prosecution cannot be sustained for a violation of this rule of the commissioner.

Other questions that might be presented as to the sufficiency of this information are not discussed in the briefs and they are not considered. The exceptions are

OVERRULED.